PONDER, Justice.
James Knox, Andrew Rought, and Benny Hickerson were charged in a bill of information with armed robbery. It appears that Rought and Hickerson entered a plea of guilty and the defendant Knox was tried, found guilty and sentenced to serve fifteen years in the State Penitentiary. Defendant Knox has appealed.
During the course of the trial, defendant reserved six bills of exception to the rul *721 ings of the trial court and interposed .a motion in arrest of judgment.
Bill of Exception No. 1 was taken to the ruling of the trial judge in permitting the district attorney to plead surprise during the course of examination of Benny Hickerson. Hickerson was returned from the penitentiary to testify in the case on behalf of the state. He had informed the district attorney, previous to the trial and in the presence of five witnesses, that the defendant was in effect the prime mover in the robbery. Upon being interrogated by the district attorney during the trial, Hickerson changed his testimony and stated that he was not sure that he knew the defendant, whereupon the district attorney, after placing him on his guard, asked him if he had not made certain contrary statements just prior to trial and on the day before trial in the sheriff’s office and in the presence of witnesses, in regard to the participation of Knox in the robbery, calling his attention to the time, place and names of those present. Counsel for the defendant objected on the ground that the district attorney had not laid the proper foundation for the impeachment of the witness. The objection was overruled and an exception was taken to the ruling.
We find that under the provisions of LSA-R.S. 15:487, 488, and 493, the law regarding the impeachment of the state’s witness was complied with.
Bill of Exception No. 2 was taken to the court’s permitting the district attorney to introduce into evidence a pistol, a shirt, and a piece of shirt in which was wrapped some extra bullets. These exhibits were connected with the robbery and properly identified. The revolver, the bullets, and part of the shirt were found near the car that had been run into a ditch by Knox when he was fleeing the scene of the robbery. The shirt was found in the trunk of the car. We see no merit in this bill.
Bill of Exception No. 3 was taken to the overruling of the defendant’s motion to discharge the defendant on the ground that the district attorney had failed to prove certain facts by Hickerson which he had stated he would prove by him in his opening statement. The trial judge in his per curiam stated that he did not recall the district attorney stating by whom he intended to prove these facts but merely stated that he expected to prove these facts by witnesses without naming them. Furthermore, this motion was made before the state had completed its case. Counsel has cited no authority and we know of none which would warrant the setting aside of the verdict and sentence on such grounds.
Bill of Exception No. 4 was taken to the ruling of the trial court refusing the introduction of a letter addressed: “To whom it may concern.” Beulah James, who identified herself as having lived with the defendant for four years, was the only witness placed on the stand in behalf of the defendant. While on the stand, she was handed a letter addressed, “To whom it may concern,” signed by a representative of the Ozone Motor Line stating that the defendant’s work was satisfactory. This letter was written some time prior to the robbery and was evidently given for the purpose of assisting defendant in obtaining a job. It is clearly inadmissible to prove good character or the reputation of the defendant. Moreover, there was no testimony identifying the signature or the authenticity of the letter..
Bill of Exception No. 5 was taken to the court’s overruling a motion for a new trial based on the grounds that the verdict was contrary to the law and the evidence, and the matters discussed in bills Nos. 1 and 2. We have disposed of the matters contained in bills Nos. 1 and 2 and it is well settled that a motion for a new trial based on the ground that the verdict is contrary to the lav/ and the evidence presents nothing for review.
Bill of Exception No. 6 was taken to the refusal of the trial judge, over de *722 fendant’s objection, to order the minutes of court corrected so as to show the defendant was not present when the motion for a new trial was filed. The trial judge refused to amend the minutes and there was no evidence presented contradicting the minutes of court. The minutes show that after the motion was filed sentence was deferred and the defendant was remanded to jail. This clearly shows that the defendant was present at the time the motion was filed. However, we know of no rule of law that requires the defendant to be present at the time a motion for a new trial is filed in his behalf.
Defendant moved to arrest the judgment reurging all of the issues presented in his previous exceptions. In fact his motion is predicated on matters foreign to the face of the record. He has not pointed out a single error contained on the face of the record. After examination, we find no error patent on the face of the record.
For the reasons assigned, the conviction and sentence are affirmed.